J. R. Swan, J.
The contract of a drawer is, that he will pay the hill, provided it be duly presented and payment duly demanded of ’ *257 the drawee, and in the event of non-payment, he be duly notified thereof. These are, in general, conditions precedent to the liability of the drawer.
This general rule is not denied; but the plaintiff claims that the drawers in the case at bar were placed beyond the operation of this rule, and were not entitled to notice of non-payment of the bill.
It is conceded on both sides, that there were no funds in the hands of the drawee. 'The fact of drawing without funds, in the absence of .other proof to explain it, is a fraud; for the bill is negotiated under the faith that the drawer has or will place effects in the hands of the drawee to meet the bill; and if he had *no
effects in the hands of the drawee, and knew that none would be placed there, and that the drawee would not meet the bill, the whole transaction is deemed fraudulent on the part of the drawer. Another, but subordinate reason is given for this exception, that the drawer can not, in such case, be in any way injured for want of notice of non-payment. But it is the fraud in drawing and delivering such a bill,-upon which the exception substantially rests; for bankruptcy or notorious insolvency of the drawee, or proof that in fact no injury resulted from, want of notice, will not excuse the holder from giving the drawer notice. Notice, therefore, under this exception, is to be dispensed with in those cases where the drawer had no reason to expect, when he drew the bill, that it would be-paid. Thus, in the case of Rucker v. Hiller, 16 East, 43, it was laid; down, that the drawer is entitled to notice, if he have reasonable ground to expect the bill will be paid, although he have no assets in the acceptor’s hands. So, in the case of Lafitte v. Slatter (6 Bing. 623), 19 Eng. C. L. 180, in which the defendant drew a bill on one Tebbs, under the expectation that a third person, not a party to the bill, who owed him, would provide funds for its payment, but neglected to do so, it was held that the defendant was entitled to notice of non-payment. Indeed, the rule is too well settled both by English and American cases to admit of question, that if the drawer has reasonable grounds to expect that the drawee will receive, through the transactions of the drawer, or from some one else, funds to meet the bill, although the drawer had no assets in the hands of the drawee, the drawer is, notwithstanding, entitled to notice of non-payment. 2 Smith’s Lead. Cas., Wallace & Hare’s notes, 55.
The bill in the case at bar, was an accommodation bill, made for the exclusive accommodation of Culbertson, and all the drawers *258 other than Culbertson were his accommodation drawers; and they expected Culbertson to provide funds to meet the bill.
Now, unless there be something in the fact that the drawers were joint drawers with Culbertson, we can perceive no difference in principle between their situation than any other drawers who in good faith draw a bill, under the expectation and belief *that the same will be met by some third person, as in the case of Lafitte v. Slatter, above cited. There is no fraud; and whether Culbertson had made himself a party to the bill or not, if it was in fact drawn for his accommodation, they had a right to look to him as the person who would see that funds were placed in the hands of the drawee to meet the bill at maturity; and if not met, they were entitled to notice so as to have had an opportunity immediately to take up the bill and proceed against Culbertson.
It is true, that if Culbertson had been the sole drawer of this bill, without assets in hand or any expected, no notice to him would have, been necessary. And such seems to have been his position and relation to the holder of this bill, so that no notice was necessary to him, and he may be treated as having notice of the dishonor of this bill. Such being the situation of Culbertson, it is claimed, that inasmuch as Culbertson and his accommodation •drawers forms but one party to the bill, being joint drawers, no relation or rights between them, not growing out of the face of the paper, can be set up as ground for requiring notice of non-payment ■ and all being but one party, notice to one is notice to all; and if notice is not necessary to one, it is not to the others.
But it is not true that the right to notice uniformly depends upon the fact whether the party is entitled to a remedy over on the bill itself, against another party to the bill. The drawer of a bill never has any remedy over on the bill itself, unless it has been actually accepted-; and if presented for payment at maturity, he is entitled to notice of its dishonor. An accommodation indorser is, in general, entitled to notice, although the bill was drawn without funds, and the party for whose accommodation he indorsed is a subsequent indorser, and consequently not liable to accommodation indorser on the face of the bill. Brown et al. v. Maffey, 15 East, 216.
Notice to Culbertson, the drawers not being partners, would not not be notice to the other joint drawers. 3 Kent Com. (8 ed.) 135, notes b and 3; 4 Smedes & Marsh. 749; Story on Bills, sec. 299. *259 Notice to one partner is notice to all, because each is tbe agent of all; and notice to an agent is notice to the principal. *Mere joint drawers are not agents of each other in respect to notice.
But the fraud of Culbertson, in drawing without the expectation of meeting the bill, would not, we think, be tantamount to notice to his co-drawers, they drawing for his accommodation, under the belief that he would meet the bill.
In the case of Harris v. Clark, 10 Ohio, 5, it was held, that a demand upon one of two or more makers of a joint and several note was sufficient to charge an indorser. The presentation of a note for payment to two or more makers of a joint and several note, on the third day of grace, especially where the makers reside at a distance from each other, is attended with embarrassments which do not arise on the giving of notice of non-payment; and in holding that notice to one of two or more joint drawers or indorsers, not partners, can not be deemed notice to all, we do not touch the question decided in Harris v. Clark.

Demurrer overruled.

Bartley, C. J., and Brinkerhoee, Scott, and Sutliee, JJ., concurred.